

# Fourth Court of Appeals
## San Antonio, Texas

January 21, 2020

No. 04-19-00464-CR

Troy David **CAMPEAU**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 16-755-CR
Honorable Kirsten Cohoon, Judge Presiding

# O R D E R

Sitting:    Sandee Bryan Marion, Chief Justice
               Rebeca C. Martinez, Justice
               Liza A. Rodriguez, Justice

The clerk's record reflects that on June 23, 2016, Appellant Troy David Campeau was appointed counsel to represent him in the trial court. Two years later, retained counsel made an appearance on Campeau's behalf. On June 11, 2019, after a jury trial, Campeau was found guilty and sentenced to nine months in the Kendall County jail. That same day, Campeau filed a pro se notice of appeal. On June 12, 2019, his retained counsel moved to withdraw, and on June 13, 2019, the trial court granted his retained counsel's motion.

On August 9, 2019, Campeau filed an affidavit of indigence in the trial court. On August 13, 2019, the trial court signed an order denying Campeau's request for a court-appointed attorney. Thereafter, the clerk's and reporter's records were filed, making appellant's brief due. On December 11, 2019, Campeau filed a motion for extension of time to file his brief so that he could "attempt to find legal counsel." He also filed an "Order to Appoint Attorney," which granted his "motion for appointment of court-appointed attorney as Counsel for Appellant during the appeal process of said cause." In our order of January 2, 2020, we construed his filings as a motion to appeal the trial court's denial of his request for appointed appellate counsel. We ordered the court reporter to file a record of the hearing where the trial court denied Campeau's request for appointed counsel. *See McFatridge v. State*, 309 S.W.3d 1, 5-6 (Tex. Crim. App.

2010) (outlining two-step process for determining whether a person is indigent for purposes of appointed counsel); *Whitehead v. State*, 130 S.W.3d 866, 874-78 (Tex. Crim. App. 2004) (same).

In response to our order, the trial court filed a letter stating that it did not hold a hearing on Campeau's motion for appointed counsel and that the "denial of appellant's request for appointed counsel was based on [his] June 11, 2019 sworn trial testimony concerning his assets and financial condition." In reviewing Campeau's trial testimony, we note that whether he is indigent was not an issue addressed and any testimony regarding his indigency status was not developed. Therefore, we ORDER the trial court to conduct a hearing to determine whether Campeau is indigent. If the trial court determines Campeau is indigent for purposes of the appointment of appellate counsel, it shall appoint new counsel to represent Campeau on appeal.

We ORDER the trial court to file its written findings of fact and conclusions of law with the trial court clerk no later than thirty days from the date of this order. We ORDER the trial court clerk to file a supplemental clerk's record in this court no later than ten days after the trial court files its findings of facts and conclusions of law. We further ORDER the court reporter to file in this court a supplemental reporter's record of the hearing, along with copies of any documentary evidence admitted, no later than twenty days after the date of the hearing.

All appellate deadlines are ABATED pending further orders from this court.

_____
Liza A. Rodriguez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 21st day of January, 2020.

_____
MICHAEL A. CRUZ,
Clerk of Court